IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GAIL E. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-003 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Gail E. Allen appeals the decision of the Acting Commissioner of Social Security (the "Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

**I.     BACKGROUND**

Plaintiff protectively applied for DIB and SSI on March 3, 2010, alleging a disability onset date of January 1, 2008. Tr. ("R."), pp. 136, 144, 189. The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 64-67, 74-81. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. 83-85, and the ALJ held a hearing on May 30, 2012. R. 28-63. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by

counsel, and Dr. Ronald Spitznagel, a Vocational Expert ("VE"). Id. On June 26, 2012, the ALJ issued an unfavorable decision. R. 11-27.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since January 1, 2008, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.).

2. The claimant has the following severe impairment: calcified disc at L4-5 encroaching on the left nerve root (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). The claimant is capable of performing past relevant work as a waitress because this work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. §§ 404.1565 and 416.965).

R. 16-22.

Because the ALJ determined that Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from January 1, 2008, through June 26, 2012 (the date of the decision). R. 22. When the Appeals Council denied Plaintiff's request for review, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues that the ALJ's determination of her RFC is not supported by substantial evidence.[1] (See doc. no. 13 ("Pl.'s Br.").) The Commissioner maintains that the ALJ's decision is supported by

---

[1] Plaintiff clarifies in her reply brief that although she "mistakenly identified two issues under Statement of Issues in her original brief," she "raises one main issue on appeal" with respect to the determination of her RFC. (Doc. no. 16, p. 1 & n.1 (Pl.'s Supp. Br.").)

2

substantial evidence and should therefore be affirmed. (See doc. no. 15 ("Comm'r's Br.").)

## II.  STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Plaintiff's RFC for Performing the Full Range of Light Work.

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-

(d)). When determining whether a claimant can return to her past relevant work, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

In categorizing the physical exertion requirements of jobs, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R §§ 404.1567 & 416.967. Here, the ALJ determined Plaintiff had the ability to perform the full range of light work. "Light work" is defined as work that involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

In determining at step four in the sequential process whether Plaintiff's RFC for a full range of light work would allow her to perform past relevant work, the ALJ consulted the VE in accordance with 20 C.F.R. § 404.1560(b)(2), which provides as follows: "A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." The VE identified Plaintiff's past work as a waitress as light work. R. 22, 59.

### B. The ALJ Properly Analyzed Plaintiff's Subjective Complaints of Pain.

Plaintiff argues the ALJ erred in determining her RFC as a full range of light work because Plaintiff's chronic obstructive pulmonary disease ("COPD") limits her ability to be around pulmonary irritants and extreme temperatures, limitations that preclude a return to Plaintiff's past

5

relevant work as a waitress. Pl.'s Br., pp. 4-5. The Commissioner counters that substantial evidence supports the ALJ's RFC determination, and in particular, the ALJ's assessment of the credibility of Plaintiff's subjective complaints regarding her breathing problems due to COPD. Comm'r's Br., pp. 4-8.

### 1. The Standard for Evaluating Subjective Complaints of Pain.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (citing 20 C.F.R. § 404.1529(c)(4).)

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the

Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[2] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted). As explained below, the ALJ properly conducted the Holt analysis and reached the conclusion that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her subjective complaints concerning the intensity, persistence, and limiting effects of the symptoms were not credible beyond the limitations imposed by the ALJ when determining that Plaintiff could perform a full range of light work. R. 19-21.

### 2. The ALJ Thoroughly Discussed and Properly Discredited Plaintiff's Subjective Complaints About COPD.

The ALJ discussed Plaintiff's COPD in two places in his opinion. First, when evaluating the severity of Plaintiff's various impairments at step two of the sequential process, the ALJ acknowledged Plaintiff had been diagnosed with COPD, but noted that Plaintiff was still smoking, did not use an inhaler, and had continued to work. R. 17. Indeed, in determining that Plaintiff's COPD was not a severe impairment at step two of the sequential process, the ALJ specifically noted Plaintiff continued to smoke despite the COPD diagnosis, and Plaintiff was able to continue working despite her "extended history" of exposure to cigarette smoke, a concentrated pulmonary irritant. R. 17 (citing Ex. 10 F (medical records dated December 19, 2011, showing primary complaint of low back, forty-year history of smoking, but continuing ability to work).) A severe impairment is one

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

7

which significantly limits one's ability to perform "basic work activities." 20 C.F.R. §§ 404.1521(a) and 416.921(a). However, as the ALJ concluded that Plaintiff had been able to continue to work without any functional limitations despite the COPD diagnosis and continued exposure to pulmonary irritants, he properly concluded her COPD was "non-severe" but continued on with the sequential evaluation. R. 17.

The ALJ again addressed Plaintiff's COPD at step four of the sequential process when making his credibility determination concerning Plaintiff's allegations of breathing problems. R. 20. In making his RFC determination, the ALJ acknowledged that Plaintiff's COPD could be expected to cause some of the symptoms alleged by Plaintiff, but not at a level of intensity that would cause the limitations alleged. Id. Indeed, the ALJ acknowledged Plaintiff's testimony that she had stopped smoking a month before the May 30, 2012 hearing, (R. 20, 54), but discredited that statement because the medical records dated May 21, 2012, showed that Plaintiff was still smoking. R. 20 (citing Ex. 11F, R. 390-99). As to Plaintiff's claims that she struggles to walk from one room to another, the ALJ again cited the May 21, 2012 medical records to show that she made no such claims to her physician and in fact denied any shortness of breath. R. 20 (citing Exs. 10, 11).

Plaintiff's briefing offers nothing to contradict the ALJ's conclusion on this point. In fact, the medical records she cites in support of her claim, (Pl.'s Br., p. 3), show no diagnosis of COPD, (R. 318-26), clear lungs with a primary complaint of back pain, (R. 390-99,) and no shortness of breath, (R. 302-317). Plaintiff also claims that the ALJ improperly discredited her allegations of breathing trouble by relying on continued work as a waitress because she testified that she was being sent home for an inability to perform her work. (Pl.'s Supp. Br., p. 2.) However, upon examination of Plaintiff's hearing testimony, she actually stated she had been sent home from work on various occasions because of complications related to back pain, not breathing problems. R. 38, 52.

8

Moreover, as the Commissioner correctly argues, (Comm'r's Br., pp. 5-8), the ALJ cited numerous medical records which provided substantial evidence in support of his conclusion that Plaintiff's COPD was not as severe as she alleged and did not prevent her from performing her past work as a waitress. These medical records show Plaintiff had consistently benign pulmonary examinations and did not, despite her continued smoking, report shortness of breath or persistent lung problems. See, e.g, Exs. 10F, 11F. As explained *supra*, none of the records cited by Plaintiff support the severity of her COPD claims.

As to Plaintiff's complaints of back pain, she offers no specific argument, let alone evidentiary support, for her assertion that the ALJ did not consider her subjective allegations and account for any resultant limitations in formulating her RFC. The ALJ determined that her calcified disc at L4-5 encroaching on the left nerve root was a severe impairment, but her scoliosis and "bald diagnosis of osteoarthritis with no mention of functional limitation" were not severe. R. 17. The ALJ reviewed medical records from an emergency room visit for back pain after a car accident in 2009, as well as records from Plaintiff's personal physician and a consultative examiner, to determine that although Plaintiff had a history of lower back pain, she had no acute distress, a full range of motion, and no functional limitations from her back issues. R. 20-21 (citing Exs. 1F, 2F, 3F, 4F, 9F, 10F, 11F). The ALJ also specifically cited the assessment of Plaintiff's treating physician that her back pain was controlled and that Plaintiff "can still work." R. 21 (citing R. 369).

Plaintiff simply states in her original brief, without elaboration other than the COPD argument discredited above, that the ALJ failed to consider all of Plaintiff's allegations in combination when formulating Plaintiff's RFC. Pl.'s Br., p. 5. In her reply brief, Plaintiff again makes her general argument that the ALJ failed to consider all of her impairments in combination but fails to offer up any medical support or specific limitations in support. Pl.'s Supp. Br., p. 2. Plaintiff

9

does, for the first time, argue that the ALJ failed to include limitations from Plaintiff's anxiety disorder, but she fails to identify any resultant issues that would prevent her from performing her past work as a waitress. The ALJ considered Plaintiff's anxiety but determined it was non-severe. R. 18. In particular, the ALJ noted Plaintiff was not on medication for the anxiety, had extensive interaction with the public in her work as a waitress, had no limitations in activities of daily living, could independently take care of herself, and was able to maintain the concentration necessary to perform her job as a waitress. R. 18. The ALJ also specifically stated that his RFC reflected his mental function analysis. R. 19. Plaintiff does not acknowledge these findings in her briefing, let alone offer any argument or evidence to refute the findings.

An ALJ must consider all of a claimant's impairments, severe and non-severe, in combination. Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 825 (11th Cir. 2010). Here, the record reflects the ALJ did just that. Although an ALJ's simple statement that he has considered a claimant's impairments in combination may suffice, id., here, the ALJ's opinion reflects that he discussed Plaintiff's testimony and medical history related to her multiple impairments, which included Plaintiff's subjective allegations. The ALJ also stated that he had considered Plaintiff's "combination of impairments," and "the entire record." R.19. Relying on the VE to identify and categorize Plaintiff's past work, he then determined that because Plaintiff could perform a full range of light work, and her past work as a waitress was performed at the light level, she could return her past relevant work. R. 22, 59. As detailed herein, the ALJ's conclusion is supported by substantial evidence, and Plaintiff's arguments for reversal or remand are without merit.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final

judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 13th day of January, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA